[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11685
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20771-PCH

AMERICAN GUARANTEE & LIABILITY INSURANCE
COMPANY,

Plaintiff-Appellee,

versus

SIMON ROOFTING & SHEET METAL CORP.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2014)

Before WILSON, COX, and DUBINA, Circuit Judges.

PER CURIAM:

A declaratory judgment action in the district court involved a dispute

between Simon Roofing & Sheet Metal Company, the insured, and its excess

insurer, American Guarantee & Liability Insurance Company. Simon Roofing was sued by one of its customers for allegedly causing considerable damage to its customer, Florida Diversified Films, Inc., in negligent restoration of the customer's roof. The result was a judgment in favor of Florida Diversified for $1.49 million. The district court granted summary judgment in favor of American Guarantee, and Simon Roofing appeals.

We address two issues on appeal; we find them dispositive. First, did Simon Roofing breach the notice provisions in the policy? And, second, if it did, was American Guarantee prejudiced by the late notice? The district court concluded that Simon Roofing did breach the notice provisions, and that American Guarantee was prejudiced by the late notice. We agree with the district court.

The parties agree that Pennsylvania law applies. We first look at whether Simon breached the policy's notice provision. Specifically, we address Simon's sub-issues asking whether the contract is ambiguous and whether the district court properly interpreted the contract. We agree with the district court that the notice provisions of the contract are not ambiguous. We also agree with the district court's construction of the relevant provisions of the contract. The district court properly interpreted the contract to give full meaning to the relevant provisions. (Doc. 168 at 8–12). And it properly found that Simon breached these provisions.

2

Based on the facts stated by the parties, we also agree with the district court that American Guarantee suffered prejudice as a result of Simon's breach. The district court properly decided this issue at the summary judgment stage of proceedings. (Doc. 168 at 12–17).

The Conclusion in the district court's order is a good summary of what this case was about. The court said:

> American Guarantee's excess policy provided in unmistakable terms that Simon must give notice of any occurrence that may involve the excess policy. One year after Simons's negligent roof restoration, it came to light that Florida Diversified Films claimed $3.572 million in damages. At that point it was not only reasonably, but *entirely,* possible that the excess policy would be implicated. Yet Simon waited until three years had elapsed and a $1.49 million judgment entered against it to notify American Guarantee of the occurrence—i.e. the negligent roof restoration and resulting damage. By waiting this long, Simon deprived American Guarantee of any opportunity to produce a more favorable outcome, much less protect itself from an unfavorable judgment.

(Doc. 168 at 17)

As a result of Simon's breach and the resulting prejudice suffered by American Guarantee, we find no error in the district court's conclusion that American Guarantee is not obligated to provide coverage to Simon.

AFFIRMED.[1]

---

[1] We have considered the supplemental briefs on the issue of our jurisdiction and conclude that we have jurisdiction.

3